UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOANNE CAROL CAMPBELL,

                Plaintiff,

v.                                               5:16-CV-0272
                                                      (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                             OF COUNSEL:

MEGGESTO, CROSSETT & VALERINO, LLP     KIMBERLY A. SLIMBAUGH, ESQ.
  Counsel for Plaintiff
313 East Willow Street, Suite 201
Syracuse, NY 13203

U.S. SOCIAL SECURITY ADMIN.             ARIELLA R. ZOLTAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Joanne Carol Campbell ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's objections to the Report and Recommendation, and (3) Defendant's response to Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 13, 14, 15.)

For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes two objections to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 14, at 1-3.) First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that any error the ALJ might have made in concluding that Plaintiff's migraines were not severe was harmless because the ALJ proceeded to the other steps of the sequential evaluation and discussed Plaintiff's migraines when assessing the RFC. (Dkt. No. 13, at 7-9; Dkt. No. 14, at 1-2.) Specifically, Plaintiff argues that the ALJ erred in failing to include a limitation in the RFC corresponding with the migraine impairment. (*Id.*) Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the Step Five determination was supported by substantial evidence. (Dkt. No. 13, at 22-24.) Specifically, Plaintiff argues that it was error for the ALJ to rely on vocational expert testimony obtained at the 2012 hearing rather than obtain new vocational expert testimony at the 2015 hearing because, in Plaintiff's estimation, "the ALJ found an RFC [in 2015] that differed from the RFC presented to the vocational expert at the 2012 hearing." (Dkt. No. 14, at 2-3.)

## II. DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS

Generally, Defendant makes three arguments in response to Plaintiff's objections. (Dkt. No. 15, at 2-5.) First, Defendant argues that Magistrate Judge Carter's finding that any error in determining the severity of Plaintiff's migraines was harmless should be adopted. (Dkt. No. 15, at 2-3.) Second, Defendant argues that Magistrate Judge Carter properly found that the ALJ's Step Five finding was supported by substantial evidence because the ALJ's hypothetical question

to the vocational expert at the 2012 hearing essentially mirrored the RFC assessment in the 2015 decision. (Dkt. No. 15, at 3-4.) Third, Defendant argues that the remainder of Magistrate Judge Carter's Report and Recommendation (to which Plaintiff did not object) should be adopted in its entirety. (Dkt. No. 15, at 4-5.)

### III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")

(internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## IV.     ANALYSIS

The Court finds that Plaintiff's first objection merely reiterates arguments presented in her initial brief. (*Compare* Dkt. No. 9, at 18-19 *with* Dkt. No. 14, at 1-2.) Therefore, the Court reviews this portion of Magistrate Judge Carter's Report and Recommendation for clear error only.[1] Plaintiff re-asserts that a proper assessment of Plaintiff's migraines would have resulted in a more limiting RFC finding, indicating "time off task and attendance issues." (Dkt. No. 14, at 2.) However, the treatment evidence related to Plaintiff's migraines does not convince this Court that there was any error, much less clear error, in Magistrate Judge Carter's conclusion. There is very little specific treatment shown in the record for migraines. On August 25, 2004, Plaintiff reported Imitrex was not helping and she was provided a prescription for Relpak. (T. 495.) On December 13, 2004, Plaintiff did report increased migraines; her physician started her on Lexapro and noted he would need to research new medications. (T. 493.) On June 15, 2005, Plaintiff again reported increased migraines, but no symptoms or medication changes were

---

[1]  When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at * (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

4

noted. (T. 563.) An MRI of Plaintiff's brain from September 27, 2006, showed no abnormalities. (T. 497.) On August 28, 2008, Plaintiff reported that she had not had any migraines since starting Lyrica, though Lyrica made it difficult to focus; she reported she still got pressure behind her eyes and in her head, but it did not become painful. (T. 475.) At a neurology consultation on June 12, 2009, Hassan Shukri, M.D., noted Plaintiff reported her migraines had improved since taking Lyrica. (T. 512.) There is simply no medical evidence to support Plaintiff's assertions that Plaintiff's migraines were severe, much less that they imposed additional restrictions that needed to be accounted for in the RFC assessment. Additionally, the ALJ's discussion shows she considered Plaintiff's migraine impairment when assessing the RFC regardless of whether she found it severe. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps); *Stanton v. Astrue*, 370 F. App'x 231, 233 n.1 (2d Cir. 2010) (noting that error in finding plaintiff's impairment severe was harmless because the ALJ proceeded with plaintiff's claim). There is no requirement that the ALJ include a limitation corresponding to every impairment considered unless the evidence supports that additional limitation. *See Skardinski v. Colvin*, No. 15-CV-6486, 2017 WL 840401, at *7 (W.D.N.Y. Mar. 3, 2017) (noting that it is legal error if the ALJ fails to account for limitations arising from a non-severe impairment that were "established by substantial evidence in the record," and qualifying that "an ALJ's failure to expressly include non-exertional impairments in the RFC finding does not warrant remand, provided that the RFC findings afford an adequate basis for meaningful review, apply the proper legal standards, and are supported by substantial evidence") (citing *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014)). Given the lack of

treatment evidence supporting that her migraines imposed any greater limitations on Plaintiff's work-related functioning, this Court is not persuaded by Plaintiff's objection and instead adopts Magistrate Judge Carter's Report and Recommendation on this issue in light of the lack of clear error.

Plaintiff's second objection is problematic because it neither relates to an argument that was asserted in Plaintiff's initial brief nor logically responds to a recommendation by Magistrate Judge Carter in the Report and Recommendation. (Dkt. No. 14, at 2-3.) In her initial brief, Plaintiff argued that, due to errors in assessing the severity of Plaintiff's migraines, the opinion evidence, the RFC, and Plaintiff's credibility, "there was an inadequate foundation for the RFC assessment used for the hypothetical questions submitted by the ALJ to the vocational expert." (Dkt. No. 9, at 19.) Based on this argument, Magistrate Judge Carter concluded that the ALJ's Step Five findings were supported by substantial evidence because there was no error in the ALJ's RFC assessment or the hypothetical question that was based on that assessment. (Dkt. No. 13, at 22-23.) However, in her objections, Plaintiff now argues not that the ALJ's hypothetical questions were unsupported by substantial evidence, but rather that the ALJ erred in relying on the vocational expert's testimony from 2012 rather than obtaining new vocational expert testimony in 2015. (Dkt. No. 14, at 2-3.) Because it appears that Plaintiff has raised a distinct new argument in her objections that she did not assert before Magistrate Judge Carter, this Court need not consider this new argument. *See Zhao*, 2011 WL 3610717, at *1; *Hubbard*, 752 F. Supp. 2d at 312-13; *see also Russell v. Colvin*, No. 5:13-CV-1030, 2015 WL 570828, at *3 (N.D.N.Y. Feb. 11, 2015) ("The Court finds that Plaintiff's newly-raised claims are rejected because they were not presented to Magistrate Judge Hummel and, therefore, not timely made.")

In any event, even if the Court were to consider this argument, it would fail, because, as Defendant notes in her response to Plaintiff's objections to the Report and Recommendation, the hypothetical question used to elicit the vocational expert testimony at the 2012 hearing used an RFC assessment that was essentially the same as the 2015 RFC assessment.[2] The fact that the ALJ provided a more specific sit/stand option in the 2015 RFC by specifying that Plaintiff would need the ability to alternate between sitting and standing every 30 minutes rather than the "at will" restriction does not render the vocational expert's testimony inapplicable to the 2015 decision. (T. 726.) After all, a designation for an "at will" sit/stand option suggests that Plaintiff might need to change positions even more frequently than every 30 minutes; if the vocational expert found Plaintiff capable of performing the identified jobs based on an arguably more restrictive RFC, then Plaintiff would remain capable of performing those same jobs with a less restrictive RFC. Plaintiff has not cited any authority that supports her argument that the minor clarification of the sit/stand option would preclude the ALJ from relying on the 2012 vocational expert testimony. (Dkt. No. 14, at 2-3.) For each of these alternative reasons, Plaintiff's objection would be rejected, even if she had previously raised the issue before Magistrate Judge Carter.

Lastly, after carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the findings related to the remainder of the issues discussed in the Report and Recommendation.

---

[2] At the 2012 hearing, the ALJ posed a hypothetical question to the vocational expert regarding an individual who could perform "the full range of sedentary work and requires [a] sit and stand option at will." (T. 68.) The vocational expert testified that such an individual would be able to perform other work in the national economy as a telephone solicitor, information clerk, and order filler. (T. 68-69.)

Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts when coming to his conclusions on these issues. (Dkt. No. 13.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: May 26, 2017
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge